| | |
|---|---|
| IN RE AAIPHARMA INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>WILLIAM R. MARTIN, On behalf Of Himself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>vs.<br><br>AAIPHARMA INC., JOHN M. RYAN, JOSEPH H. GLEBERMAN, RICHARD G. MORRISON, JAMES L. WATERS, JAMES G. MARTIN, KURT M. LANDGRAF, JOHN E. AVERY, FREDERICK D. SANCILIO, WILLIAM H. UNDERWOOD, PHILIP S. TABBINER, ROSE-MARIE NELSON, SUSAN TAYLOR, WILLIAM GINNA, BOWIN LINDGRIN, ALBERT CAVAGNARO, SARAH PRITCHARD and GREG BENTLEY,<br><br>     Defendants. | FILED IN OPEN COURT<br>ON 8/30/06<br>Fred—Benerulth, Clerk<br>US District Court<br>Eastern District of NC<br><br><br>**AMENDED STIPULATION OF SETTLEMENT** |

Counsel for Plaintiff, on behalf of William R. Martin and all others similarly situated ("Plaintiff"), counsel for defendant aaiPharma Inc. ("aaiPharma"), and counsel for individual defendants John M. Ryan, Joseph H. Gleberman, Richard G. Morrison, James L. Waters, James G. Martin, Kurt M. Landgraf, John E. Avery, Frederick D. Sancilio, William H. Underwood, Philip S. Tabbiner, Rose-Marie Nelson, Susan Taylor, William Ginna, Bowin Lindgrin, Albert Cavagnaro, Sarah Pritchard and Gregory Bentley (collectively, "Individual Defendants" and,

with aaiPharma, "Defendants") enter into this Stipulation of Settlement (the "Agreement" or the "Stipulation"), pursuant to Rule 23 of the Federal Rules of Civil Procedure and subject to the Court's final approval.

## RECITALS

A.     The above-captioned class action lawsuit (the "Action") is pending in the United States District Court for the Eastern District of North Carolina, Wilmington Division (the "Court"). In the Action's Amended Class Action Complaint filed on March 15, 2005 (the "Amended Complaint"), which replaced a Complaint filed on April 9, 2004 (the "Original Complaint"), Plaintiff alleges a number of causes of action brought pursuant to section 502(a) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(a) ("ERISA"), against Defendants.

B.     Plaintiff alleges that Defendants were fiduciaries of the aaiPharma Inc. Retirement and Savings Plan (the "Plan"), and that they breached fiduciary duties owed to Plan participants, including Plaintiff, by, among other things, continuing to invest participants' matching contributions in aaiPharma stock and failing to divest aaiPharma shares already held by the Plan when such investments and their continued holdings allegedly became imprudent. Plaintiff alleges that Defendants did not comply with their duties to review, evaluate and monitor the suitability of the Plan's investment in aaiPharma stock and failed to provide accurate material information to Plan participants. The Amended Complaint seeks equitable and compensatory relief pursuant to ERISA §§ 409 and 502(a)(2), specifically the restoration by Defendants to the Plan of losses allegedly arising as the result of Defendants' breach of fiduciary duties.

C.     Plaintiff seeks in paragraph 53 of the Amended Complaint certification, pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3), of a class consisting of:

> All persons who were participants or beneficiaries of the Savings Plan during the period from April 24, 2002 to June 15, 2004. Excluded from the Class are defendants or any member of their immediate families and the legal representatives, heirs, successors, and assigns of any excluded person.[1]

"Savings Plan" in the alleged class definition means the Plan. The "Class Period" as used in this Agreement shall mean the period from April 24, 2002 to June 15, 2004. The "Settlement Class," as used in this Agreement, shall mean:

> All persons who were participants or beneficiaries of the Plan during the period from April 24, 2002 to June 15, 2004. Excluded from the Class are defendants or any member of their immediate families and the legal representatives, heirs, successors, and assigns of any excluded person.

D.    Counsel for Plaintiff ("Class Counsel") represents that they have conducted an extensive investigation into the facts, circumstances and legal issues associated with the Action. This investigation has included, *inter alia,* (i) inspecting, reviewing and analyzing documents produced by or otherwise relating to aaiPharma, including both documents produced by aaiPharma in discovery during the Action and numerous public documents, including but not limited to press releases and regulatory filings; (ii) researching the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; (iii) inspecting, reviewing and analyzing numerous documents concerning the Plan and the administration of the Plan, particularly as such documents pertain to the investment by the Plan in employer stock; (iv) retaining and consulting with an expert to determine class-wide damages; (v) prior to the Fairness Hearing [as defined in Paragraph [5] of Exhibit 1 attached hereto], Class Counsel will conduct additional confirmatory discovery of Defendants, including examination of Plan representatives, as deemed necessary and appropriate by Class Counsel and as agreed by Defendants; and (vi) participating in numerous telephonic meetings with Defendants' counsel.

---

[1]    The class definition inadvertently excluded "the employees of aaiPharma or its subsidiaries or affiliates."

E.     Defendants vigorously deny each and every allegation of wrongdoing made in the Action and contend that they have no liability in the Action. Defendants specifically deny the allegations that the Individual Defendants were fiduciaries under ERISA, that the actions complained of were within the scope of any fiduciary duties owed to Plan participants, or that the Defendants breached any fiduciary duties or any other provisions of ERISA in connection with the investment, acquisition or retention of aaiPharma stock by the Plan during the Class Period, or at any time, and further deny that they in any way misrepresented the financial performance of aaiPharma or the value of aaiPharma stock to Plan participants. Defendants further contend that the breaches alleged do not fall within the scope of the fiduciary duties, if any, they owed to participants, and that Defendants acted prudently in all respects.

F.     On May 10, 2005 (the "Filing Date"), aaiPharma and its domestic subsidiaries ("Debtors") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The bankruptcy cases have been consolidated for administrative purposes under Case No. 05-11341 and an order for relief was entered on May 10, 2005. Further actions against the Debtors, including this Action, were stayed pursuant to the provisions of 11 U.S.C. § 362. The Debtors' Joint Chapter 11 Plan was filed with the Bankruptcy Court on November 4, 2005. On January 20, 2006, the Bankruptcy Court confirmed the Debtors' First Amended Joint Chapter 11 Plan (as amended from time to time, the "Chapter 11 Plan"). On March 6, 2006, all conditions for the Effective Date (as defined in the Chapter 11 Plan) were satisfied and the Chapter 11 Plan became effective on such date.

G.     Since the Filing Date, Class Counsel engaged in arm's-length negotiations with counsel for aaiPharma in an attempt to achieve the certainty of a positive outcome in the Action.

Class Counsel submits that the claims asserted in the Action have merit; however, they also believe that the proposed settlement provided for herein (the "Settlement") will provide substantial benefits to the Settlement Class and, when weighed against the attendant risks of continuing the prosecution of the Action, represents a reasonable and fair resolution of the claims of the Settlement Class. In reaching such conclusion, Class Counsel has considered, among other things, the risks of litigation (including the risks of establishing both liability and loss to the Plan), the time necessary to achieve a final resolution through litigation, the complexity of the claims set forth herein, the bankruptcy of aaiPharma, the ability of Defendants to withstand judgment, the absence of insurance coverage, and the significant benefits accruing to Plan participants under the Settlement. In addition, Class Counsel's investigation to date indicates Individual Defendants Albert Cavagnaro and Gregory Bentley were not members of the Investment Committee during the Class Period. Accordingly, Plaintiff has no reason to believe these individuals were "fiduciaries" by virtue of such service.

H.     Defendants are desirous of promptly and fully resolving and settling with finality the Action and all of the Settled Claims (as defined in Section [7] of this Agreement *infra*) asserted by Plaintiff, for himself and on behalf of the Settlement Class, and thereby avoiding the risks and costs of further litigation, the disruption of management time and aaiPharma operations by continued discovery associated with the Action during the critical post-emergence period following its Chapter 11 proceedings, and satisfying ongoing and approved indemnity authorizations of aaiPharma to Joseph H. Gleberman, Richard G. Morrison, James G. Martin, Kurt M. Landgraf, John E. Avery, Frederick D. Sancilio, William H. Underwood, Rose-Marie Nelson, Susan Taylor, Albert Cavagnaro, and Gregory Bentley (together the "Indemnity Defendants") with respect to this matter.

I.    Plaintiff, the Individual Defendants and aaiPharma (collectively, the "Parties")
have reached a settlement by and through their respective undersigned counsel on the terms and
conditions set forth in this Agreement. No party to the Action, by entering into this Agreement,
admits to the truth of any allegation contained in the Action or to any fault, liability or
wrongdoing whatsoever.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the
Parties, in consideration of the promises, covenants and agreements herein described, and the
Parties, intending to be legally bound, do hereby mutually agree as follows, subject to the
approval of the Court:

## Stipulation to Class Certification of the Settlement Class

1.    The Parties stipulate and agree that for settlement purposes only this Action shall
proceed as a non-opt out class action pursuant to Federal Rules of Civil Procedure 23(a)(1)-(4),
(b)(1) and with a Settlement Class and Class Period as defined in Recital [C] of this Agreement
*supra.*

## Preliminary Approval

2.    As soon as practicable following the complete execution of this Agreement by
the Parties and the entry of the Confirmation Order (as defined below), Plaintiff shall file a
motion (the "Motion for Preliminary Approval") with the Court for an order substantially in the
form attached hereto as **Exhibit 1** (the "Preliminary Approval Order"), including substantially
the form of class notice attached hereto as **Exhibit 2** (the "Class Notice"). The Parties shall
request that a preliminary hearing be held as soon as reasonably practicable thereafter to consider
the compromise and settlement before the Court.

3.    If the Settlement (including any modification thereto made with the consent of
the Parties as provided for herein) is preliminarily approved by the Court, Plaintiff shall cause

the Class Notice to be (a) transmitted in the manner and on the date set in the Preliminary Approval Order to the persons directed by the Court and (b) published as directed by the Court in the Preliminary Approval Order. Costs associated with locating Settlement Class members and with the publication and service of Class Notice shall be paid from the Settlement Amount (as defined by Section [9] of this Agreement *infra*), consistent with Section [14] of this Agreement *infra*. Defendants shall have no responsibility for providing publication or distribution of the Settlement to the Settlement Class, but Defendants reserve the right to approve the contents of the Class Notice.

## **Bankruptcy Confirmation**

4.      Prior to the execution of this Agreement, the Bankruptcy Court has confirmed the Chapter 11 Plan, which contains the requisite approval of the funding of the Settlement Amount (referred to hereinafter as the "Confirmation Order"), and the Effective Date (as defined in the Chapter 11 Plan) has occurred.

## **Final Approval**

5.      If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court, the Parties shall promptly move the Court to enter an Order and Final Judgment substantially in the form attached hereto as **Exhibit 3** (the "Final Approval Order"), which among other things:

(a)      Approves the Settlement, adjudges the terms thereof to be fair, reasonable, adequate and in the best interests of the Settlement Class, and directs consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

(b)     Certifies the Settlement Class as a non-opt out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

(c)     Determines that the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to the Settlement Class;

(d)     Approves a Plan of Allocation consistent with Sections [19] to [29A] of this Agreement *infra*;

(e)     Determines what legal fees, compensation and expenses should be awarded or reserved for award to Class Counsel and Plaintiff out of the Settlement Amount as contemplated by Sections [15] to [18] of this Agreement *infra*;

(f)     Dismisses the Action with prejudice as to Defendants and operates to extinguish, discharge and release any and all Settled Claims against Released Persons (as defined in Section [7] of this Agreement *infra*), without costs except as herein provided, and subject only to compliance by the Parties with the terms of this Agreement and any Order of the Court concerning this Agreement; and

(g)     Permanently enjoins the Plaintiff and any Releasing Person (as defined in Section [7] of this Agreement *infra*) from asserting, commencing, prosecuting or continuing, either directly, individually, representatively, derivatively or in any other capacity, any of such Settled Claims or from receiving any additional recovery from any Released Person with respect thereto.

The Parties shall request that a fairness hearing be held as soon as practicable thereafter to consider the compromise and settlement before the Court.

## Date of Complete Settlement Approval

6.      For purposes of this Agreement, "Complete Settlement Approval" shall occur following: (a) entry of the Final Approval Order approving the Settlement and (b) the expiration of all applicable appeal periods for the appeal of the Final Approval Order, without any appeal having been filed or, if an appeal is taken, upon entry of an order affirming the Final Approval Order appealed from and the expiration of any applicable period for the reconsideration, rehearing or appeal of such affirmance without any motion for reconsideration or rehearing or further appeal having been filed.

## Release

7.      Upon Complete Settlement Approval and payment of the Settlement Amount (as defined in Section [9] infra), any and all claims, rights, causes of action, suits, matters and issues, liquidated or non-liquidated, contingent or absolute, under state or federal statutory or common law, that have been or could have been asserted by or for the benefit of Plaintiff, the Plan or any member of the Settlement Class, whether individually or derivatively or through any representative of the same, and each of them, and their present or former beneficiaries, agents, employees, attorneys, accountants, representatives, advisers, investment bankers, heirs, executors, administrators, estates, successors and assigns (the "Releasing Persons"), against the Individual Defendants, aaiPharma, its affiliated companies or any person who is or was an agent, officer, manager, employee or director of aaiPharma, and each of them, together with any of their current or former attorneys, accountants, representatives, advisers, investment bankers, insurers, benefit plans, trustees, estates, heirs, executors, administrators, successors and assigns (the "Released Persons"), and any person claiming by or through them, that (a) are in connection

with, or that arise out of or relate to, (i) the subject matter of the Action, (ii) any of the acts, facts, transactions, occurrences, representations or omissions alleged or that could have been alleged in the Amended Complaint, the Original Complaint or any pleading or proposed pleading filed by any party in the Action if arising out of or relating to any of the matters, events, transactions, allegations or facts referred to in such pleadings or proposed pleadings, (iii) the appointment, removal, or monitoring of any fiduciary for the Plan or (iv) the preparation or dissemination, directly or indirectly, of information relating to aaiPharma (including aaiPharma securities) to Plan participants and beneficiaries; or (b) are based on ERISA and relate in any way to the acquisition, investment, contribution, purchase, disposition, retention, sale, liquidation, distribution or allocation of employer securities by the Plan and/or its fiduciaries at any time up to the date of the original execution of the Stipulation, March 23, 2006, (collectively, the "Settled Claims"), except for any claims to enforce the terms or conditions of this Agreement, shall be fully, finally, and forever compromised, settled, discharged, dismissed with prejudice and released pursuant to the terms and conditions set forth herein. This release includes but is not limited to all proofs of claim filed by Plaintiff in the Bankruptcy Court. Notwithstanding the foregoing, nothing in this Stipulation shall (i) amend, modify or release any of the obligations of any former employee or officer of aaiPharma as set forth in any severance or resignation agreement, affect any confidentiality, patent, intellectual property or noncompetition agreement, or affect aaiPharma's rights to undertake or modify any program, procedure, plan or business activity as permitted by and in compliance with then applicable statutory, regulatory or common law, including without limitation any rules or regulations of the Securities Exchange Commission or any exchange of which aaiPharma is a member or (ii) release or waive claims asserted in the separate consolidated securities action entitled *In re aaiPharma Securities*

*Litigation* (No. 04-CV-27, E.D.N.C.). Provided further, that this Release does not extend to and will not preclude any claims arising out of events occurring after the date of the original execution of the Stipulation, March 23, 2006, or operate to waive or release the rights, if any, of the Department of Labor with respect to the subject matter hereof.

8. The Releasing Persons expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by (a) § 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and (b) any similar state, federal, or other law, rule or regulation or principle of common law of any domestic or foreign governmental entity. The Releasing Persons may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Settled Claims or with respect to any Released Person, but the Releasing Persons hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Settled Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other or different facts. The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiff and the Settlement Class and Class Counsel against the Released Parties with respect to the Released Claims. Accordingly, Plaintiff and Defendants agree not to assert in any forum that the claims asserted in the Action were brought by Plaintiff or defended by Defendants in bad faith or without a reasonable basis. The Parties shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense

or settlement of the Action, and agree that, except as expressly set forth herein, each party shall bear his, her or its own costs and expenses, including attorney's fees.

## Payment of Settlement Amount and Governance Changes

9. Plaintiff, on behalf of the Settlement Class and the Plan, agrees to settle and fully resolve the claims asserted in the Action, against the Released Persons, including but not limited to the Settled Claims, for (i) one million, fifty thousand U.S. Dollars and no cents ($1,050,000.00) (the "Settlement Amount"), which amount is being paid by aaiPharma solely pursuant to certain indemnification authorizations set forth in the Confirmation Order and (ii) in consideration for specified governance changes to the Plan set forth on Exhibit 4 to this Stipulation. Under no circumstances shall the Individual Defendants be liable for the Settlement Amount, nor shall aaiPharma be required to pay more than the Settlement Amount. Upon such payment into the Settlement Fund [defined in Section [10] *supra*], all Released Persons' liabilities with respect to the Settled Claims shall be satisfied and discharged in full, and the Settled Claims irrevocably settled and released.

10. Within ten (10) business days after Complete Settlement Approval, aaiPharma shall pay the Settlement Amount to an account (the "Settlement Fund") denominated the aaiPharma ERISA Litigation Settlement Fund and established by aaiPharma at a federally insured bank mutually acceptable to counsel for the Parties (the "Custodian").

11. The Settlement Fund shall be structured and managed to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder. The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment.

12. Although Defendants deny any fault, liability or wrongdoing, the Parties agree that the payment of the Settlement Amount is intended as settlement of alleged breach of

fiduciary duty claims for a monetary remedy under ERISA for allegedly lost earnings on Plan assets and shall be treated as earnings for all purposes under the Plan. None of aaiPharma's payment to the Settlement Fund represents compensatory or punitive damages.

13.     [Intentionally left blank.]

## Payment of Settlement Administrative Expenses

14.     Within a reasonable time following receipt of invoices therefor, the Parties shall be reimbursed from the Settlement Fund, after approval from Class Counsel, and the Individual Defendants' and aaiPharma's counsel, for the expenses incurred in the administration of this Agreement and the Settlement (the "Administrative Expenses"), including without limitation all expenses associated with providing Class Notice and all expenses or costs incurred by any Party, or its contractors or agents, associated with distribution of the Net Settlement Amount as described in Sections [19] to [29A] of this Agreement *infra,* including without limitation amounts paid to contractors or agents of aaiPharma in connection with calculating amounts payable to the class hereunder. In the event the Settlement is not approved and the Settlement Amount is not paid, Plaintiff and aaiPharma shall bear equally the cost of the mailing of the Class Notice, and aaiPharma shall bear the remaining costs associated with the Administrative Expenses.

## Payment of Class Counsel's Fees and Expenses

15.     Class Counsel shall receive attorneys' fees and expenses ("Class Counsel's Fees and Expenses"), payable solely from the Settlement Fund, as awarded by the Court in the Final Approval Order, not to exceed thirty percent (30%) of the Settlement Fund. Plaintiff may also seek in the Final Approval Order an award to Plaintiff ("Plaintiff's Case Contribution Compensation") of no more than five thousand U.S. Dollars ($5,000) in recognition of his contributions to the Action. Defendants shall take no position with respect to the amount of the

costs or attorneys' fees sought by Class Counsel in this matter, and shall leave the amount to the sound discretion of the Court.

16.     The Court's consideration of requests for Class Counsel's Fees and Expenses and Plaintiff's Case Contribution Compensation are matters separate and apart from the Settlement, and no decision by the Court concerning such fees, compensation and costs shall affect the validity of the Agreement or finality of the Settlement in any manner.

17.     Class Counsel shall be solely responsible for allocating the Class Counsel's Fees and Expenses among counsel, and no Defendant shall bear responsibility for this allocation or be subject to any claims or suit under this Agreement for the same.

18.     No later than ten (10) days after the later of payment of the Settlement Amount to the Settlement Fund or the approval by the Court of any Plaintiff's Case Contribution Compensation and Class Counsel's Fees and Expenses, aaiPharma shall pay Plaintiff from the Settlement Fund any Plaintiff's Case Contribution Compensation approved by the Court in the Final Approval Order and shall pay Class Counsel from the Settlement Fund the Class Counsel's Fees and Expenses approved by the Court in the Final Approval Order.

## Plan of Allocation

### *Net Settlement Amount*

19.     Following approval of the allocation by the Court, aaiPharma shall administer the allocation and distribution of the Settlement Amount, less the Administrative Expenses, Class Counsel's Fees and Expenses, and Plaintiff's Case Contribution Compensation (the "Net Settlement Amount"). The Net Settlement Amount shall be paid into the Plan in order to preserve to the fullest extent possible its tax protected status under ERISA.

## Additional Definitions

20.     In addition to the terms heretofore defined, as used in this Agreement:

(a)     "Claimant" shall mean a member of the Settlement Class.

(b)     "Former Participant Claimants" shall mean Claimants who are former participants in the Plan as of the date of the Final Approval Order;

(c)     "Current Participant Claimants" shall mean Claimants who are current participants in the Plan as of the date of the Final Approval Order.

(d)     "Plan Document" means the document entitled "aaiPharma Inc. Retirement and Savings Plan," as amended.

(e)     "Account" shall mean the matching account described in Article IV of the Plan Document. For Current Participant Claimants, "Account" means the matching account now in place for them within the Plan; for Former Participant Claimants, "Account" means the matching account that was in place for them at the time their employment with aaiPharma ended.

(f)     "Plan Distribution Account" shall mean the account or accounts established or existing under the Plan designated by the Plan Administrator into which the Net Settlement Amount shall be transferred for distribution and allocation to the Settlement Class.

(g)     "Plan Administrator" shall mean aaiPharma.

21.     [Intentionally left blank.]

### Calculation of Settlement Claims

22.     Prior to the Fairness Hearing, aaiPharma shall calculate and submit to the Court for approval each Claimant's "Settlement Claim" according to the following methodology, solely for the purposes of this Agreement.

(a)     aaiPharma, or its agent, shall determine the approximate alleged loss ("Loss") for each member of the Settlement Class as follows: Loss = A + B – C – D, where, for each member's Account:

    (i)     A = the dollar value, if any, of the balance in aaiPharma stock on the first day of the Class Period;

    (ii)     B = the dollar value, if any, of all the purchases of aaiPharma stock during the Class Period as of the time of purchase(s);

    (iii)     C = the dollar value, if any, of all sales of aaiPharma stock during the Class Period as of the time of the sale(s); and

    (iv)     D = the dollar value, if any, of aaiPharma stock remaining on the last day of the Class Period.

(b)     [Intentionally left blank]

(c)     The Losses of the Claimants as calculated above will be totaled to yield the Loss of the Plan as a whole over the Class Period (the "Plan Loss").

(d)     aaiPharma shall calculate for the Account of each Claimant an amount (the "Initial Settlement Claim") which is the same percent of the Net Settlement Amount as his Loss bears to the Plan Loss.

(e)     aaiPharma shall identify each Claimant whose Initial Settlement Claim is less than sixty U.S. Dollars ($60.00) (such Initial Settlement Claims, "De Minimis Amounts"). All such Claimants whose Initial Settlement Claims are De Minimis Amounts shall not receive an award from the Settlement Fund. The remaining Claimants shall become "Authorized Claimants." The De Minimis Amounts shall then be allocated to the Authorized Claimants on a pro rata basis based on each

Authorized Claimant's Loss, and such amounts shall be added to the Initial Settlement Claims of each Authorized Claimant.

23. Prior to filing with the Court a schedule indicating the expected Settlement Claim for each Authorized Claimant, aaiPharma will provide Class Counsel a reasonable opportunity to verify aaiPharma's calculations. All of the expenses of aaiPharma and its contractors or agents, whether before or after execution of this Agreement, incurred in calculating or verifying the expected Settlement Claims shall be among the Administrative Expenses for which aaiPharma is reimbursed from the Settlement Fund pursuant to Section [14] of this Agreement *supra*.

### *Distribution of Settlement Claims to Former Participant Claimants*

24. As promptly as practicable after deposit of the Net Settlement Amount into the Plan Distribution Account, aaiPharma, or its agents, shall be responsible for facilitating the distribution to each Authorized Former Participant Claimant of his or her Settlement Claim, and such distribution shall be treated as a distribution from the Plan for all purposes under ERISA and the Internal Revenue Code. Each Authorized Former Participant Claimant who does not have an Account in the Plan shall have his Settlement Claim invested in the Plan in the same way as undesignated contributions pending distribution to such Claimant. Each Authorized Former Participant Claimant who has an Account in the Plan shall have his Settlement Claim allocated as set forth in Section [25] *infra*. All such amounts shall thereafter be distributed only in accordance with the applicable provisions of the Plan.

### *Distribution of Settlement Claims to Current Participant Claimants*

25. As promptly as practicable after deposit of the Net Settlement Amount into the Plan Distribution Account, aaiPharma, or its agent, shall cause an amount to be allocated and paid to each Authorized Current Participant Claimant's Account equal to such individual's Settlement Claim. Such amount shall be allocated to the Authorized Current Participant

Claimant's account in accordance with such individual's existing investment elections in effect for such account (subject to Section [26] of this Agreement *infra*), and shall thereafter be distributed only in accordance with the applicable provisions of the Plan.

## *No Payment of Settlement Claims in aaiPharma Stock*

26.     Within ninety (90) days after Complete Settlement Approval, aaiPharma shall take any further action, if any, that it deems necessary or appropriate, as determined in its sole discretion, including but not limited to amending or in any way changing the Plan, with the intent that the Net Settlement Amount is not invested or paid from the Plan as benefits in the form of aaiPharma's common stock and is not invested in cash except as necessary to administer the Plan.

## *Additional Terms*

27.     In the event that any amount distributed to an Authorized Claimant by the Plan with respect to a Settlement Claim is unclaimed, or if such Authorized Claimant cannot be located, such amounts shall remain in the Plan and be governed by the terms thereof.

28.     aaiPharma shall make available to Class Counsel, prior to distribution of the Net Settlement Amount, or the Court upon request, any and all summaries, compilations, calculations or tabulations of the claims and amounts described in this Plan of Allocation.

29.     The Parties agree that the payment and distribution of the Net Settlement Amount, as allocated in this Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

29A.     In addition to the consideration provided herein, aaiPharma, following Complete Settlement Approval, shall undertake the governance changes regarding the Plan set forth on Exhibit 4 attached hereto.

## Right to Withdraw from the Settlement

30.    (a)    Each of the Parties shall have the option to unilaterally withdraw from and terminate the Settlement in the event that:

> (i)    Either the Preliminary Approval Order or the Final Approval Order referred to above is not entered substantially in the forms specified herein prior to December 31, 2006, including such modifications thereto as may be ordered by the Court with the consent of the Parties;

> (ii)    The Settlement is not approved by the Court or is disapproved or materially modified upon appeal; or

> (iii)    Any of the conditions to this Settlement are not fulfilled.

(a1)    aaiPharma shall have the right to withdraw from this Settlement and terminate the Agreement if before the issuance of the Final Approval Order by the Court the U.S. Department of Labor (the "DOL") files any objection to the Agreement or Settlement in any court, brings a claim against any Released Person relating to the Settled Claims, notifies any Released Person that it intends to file such a Claim, or fails to provide assurances that the DOL, upon the issuance of the Final Approval Order by the Court, will terminate promptly the ongoing audit/investigation of the Plan and the Defendants in relation to the Plan, without the assessment of any penalty or the institution of suit against any of the Defendants. Notwithstanding anything else in this Stipulation, the Settlement is not intended to waive or release the rights, if any, of the DOL with respect to the subject matter hereof.

(a2)    aaiPharma shall have the right to withdraw from this Settlement and terminate the Agreement unless, on or before the twentieth day before the Fairness Hearing [as defined in Paragraph [5] of Exhibit 1 attached hereto], the Plan, acting by and through an independent fiduciary engaged for the specific purpose of reviewing this Settlement, has agreed

in writing to approve, effective upon the date of the Final Approval Order, this Agreement, together with the releases set forth herein, and concluded that the releases meet the requirements of Prohibited Transaction Class Exemption 2003-39.

(b)     In the event that the Settlement is terminated pursuant to this Section [30] of the Agreement, then:

(i)     The Settlement proposed herein shall be of no further force and effect;

(ii)    The agreements and stipulations in this Agreement concerning class definition or class certification will not be used as evidence or argument to support class certification or class definition, and Defendants will retain all rights to oppose class certification; and

(iii)   This Agreement and all negotiations, proceedings and statements relating thereto (including any statements contained in the Chapter 11 Plan), and any amendment thereof, shall be null and void, shall not be submitted or admitted in the Action or any other proceeding, and shall be without prejudice to any party hereto, and each party shall be restored to his, her or its respective position as it existed prior to the date of the original execution of the Stipulation, March 23, 2006.

(c)     Subject to Section [16] of this Agreement *supra*, the provisions of this Agreement are not severable.

### Authority

31.    Each of the attorneys executing the Agreement on behalf of one or more of the Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Stipulation on behalf of his or her respective client or clients.

## Stipulation of Settlement Not an Admission

32.    The provisions contained in this Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession or an admission by any Defendant of any fault, liability or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation. Defendants have denied and continue to deny each and every claim alleged in the Action. Accordingly, neither this Agreement nor the Settlement nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Settled Claim, or of any wrongdoing or liability or lack thereof of aaiPharma or any Released Person; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of aaiPharma or any Released Person in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. aaiPharma and the Released Persons may file the Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, claim or issue preclusion, release, good-faith settlement, judgment bar or reduction or any other similar defense or counterclaim. The Parties and their counsel, and each of them, agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information and any and all patent, intellectual property or noncompetition agreements of any

current or former director, officer or employee of aaiPharma shall survive and be unaffected by this Agreement.

## Counterparts

33.     This Stipulation may be executed in any number of actual or telecopied counterparts and by each of the different parties thereto on several counterparts, each of which when so executed and delivered shall be an original. The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

## Waiver

34.     The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

## Arm's-Length Negotiations

35.     The Parties represent and warrant that they are voluntarily entering into this Agreement as a result of arm's-length negotiations among their counsel, that in executing this Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel. Each Party assumes the risk of mistake as to facts or law. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

## Entire Agreement

36.     This Agreement and the attached exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof, and may

not be amended, or any of their provisions waived, except by a writing executed by all of the parties hereto. The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation. The Parties intend this Settlement to be a final and complete resolution of all disputes between them relating to or arising out of the subject matter of the Action or which otherwise constitute Settled Claims. Accordingly, the Parties agree that the terms of the Settlement represent a good-faith settlement of the claims, reached voluntarily after consultation with experienced counsel.

## Successors and Assigns

37. This Agreement, upon becoming operative, shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, heirs, estates, executors and administrators and upon any corporation, partnership or entity into or with which any Party may merge or consolidate.

## Governing Law

38. This Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, State law controls, in which case North Carolina law will apply without regard to conflict of law principles.

## Best Efforts

39. The Parties hereto and their attorneys agree to cooperate fully with one another in seeking the Court's approval of this Agreement and the Settlement and to use their best efforts to consummate and effectuate the subject matter and purpose of this Agreement and the Settlement.

This the 25th day of August, 2006.

COUNSEL FOR PLAINTIFF

William E. Moore, Jr. (LR 83.1)
GRAY, LAYTON, KERSH, SOLOMON, SIGMON,
FURR & SMITH, P.A.
P.O. Box 2636
Gastonia, NC 28053
Telephone: 704-865-4400
Facsimile: 704-854-8313
*bmoore@gastonlegal.com*

LABATON SUCHAROW & RUDOFF LLP
Emily C. Komlossy
Stacey B. Fishbein
100 Park Avenue
New York, NY 10017
Telephone: 212-907-0700
Facsimile: 212-818-0477
*ekomlossy@labaton.com*
*sfishbein@labaton.com*

COUNSEL FOR INDIVIDUAL DEFENDANTS

Alan E. Toll (LR 83.1)
STEVENS, MCGHEE, MORGAN, LENNON & TOLL,
LLP
602 Market Street
Wilmington, NC 28402
Telephone: 910-763-3666
Facsimile: 910-251-9562
*aetollsmmlt@bellsouth.net*

ALSTON & BIRD LLP
H. Douglas Hinson
Leslie M. Bassett
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777
*dhinson@alston.com*
*leslie.bassett@alston.com*

COUNSEL FOR AAIPHARMA INC.

David C. Wright, III
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon Street
Suite 1900
Charlotte, NC 28246
*dwright@rbh.com*

Michael R. Smith
KING & SPAULDING LLP
191 Peachtree Street
Atlanta, GA 30303
Telephone: (404) 572-4824
Facsimile: (404) 572-5142
*mrsmith@kslaw.com*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**
**MASTER FILE NO: 7:04-CV-27-D**

| | |
|---|---|
| **IN RE AAIPHARMA INC. SECURITIES LITIGATION**<br><br>**This Document Pertains to**<br><br>**WILLIAM R. MARTIN, On behalf Of Himself and All Others Similarly Situated,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**AAIPHARMA INC., JOHN M. RYAN, JOSEPH H. GLEBERMAN, RICHARD G. MORRISON, JAMES L. WATERS, JAMES G. MARTIN, KURT M. LANDGRAF, JOHN E. AVERY, FREDERICK D. SANCILIO, WILLIAM H. UNDERWOOD, PHILIP S. TABBINER, ROSE-MARIE NELSON, SUSAN TAYLOR, WILLIAM GINNA, BOWIN LINDGRIN, ALBERT CAVAGNARO, SARAH PRITCHARD and GREG BENTLEY,**<br><br>      **Defendants.** | **FINDINGS AND ORDER CERTIFYING A CLASS FOR SETTLEMENT PURPOSES AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT** |

Presented to the Court for preliminary approval is a settlement (the "Settlement") of the above-referenced class action (the "Action") asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the aaiPharma Inc. Retirement and Savings Plan (the "Plan") as against Defendant aaiPharma Inc. ("aaiPharma") and individual defendants John M. Ryan,

#1

Joseph H. Gleberman, Richard G. Morrison, James L. Waters, James G. Martin, Kurt M. Landgraf, John E. Avery, Frederick D. Sancilio, William H. Underwood, Philip S. Tabbiner, Rose-Marie Nelson, Susan Taylor, William Ginna, Bowin Lindgrin, Albert Cavagnaro, Sarah Pritchard and Gregory Bentley ("Individual Defendants"). The terms of the Settlement are set out in a Stipulation of Settlement (the "Stipulation of Settlement") which has been executed by counsel for Plaintiff William R. Martin and all others similarly situated ("Plaintiff"), by counsel for the Individual Defendants, and by counsel for aaiPharma (collectively with Plaintiff and the Individual Defendants, the "Parties"). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation of Settlement.

On _____, the Court held a hearing to preliminarily consider the Settlement and to determine among other things, whether to certify a class for settlement purposes and whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class (as defined in Paragraph [3] of this Order below). Upon reviewing the Stipulation of Settlement and the matter having come before the Court at the _____ hearing, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. **Jurisdiction**. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

2. **Class Findings**. The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

> (a) The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) Based on allegations in Plaintiff's Amended Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) Based on allegations in Plaintiff's Amended Complaint, the Court preliminarily finds that aaiPharma engaged in uniform conduct affecting members of the proposed Settlement Class, and the Court finds that the claims of Plaintiff are typical of the claims of the Settlement Class.

(d) Plaintiff will fairly and adequately protect the interest of the Settlement Class in that (i) the interests of Plaintiff and the nature of his alleged claims are consistent with those of the members of the Settlement Class; (ii) there are no conflicts between or among Plaintiff and the Settlement Class; and (iii) Plaintiff is represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions of this type.

(e) The prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

3. **Class Certification.** Based on the findings set out in Paragraph [2] above, the

Court preliminarily certifies the following class for settlement purposes under Federal Rule of

Civil Procedure 23(b)(1) and 23(b)(2) in this litigation (the "Settlement Class"):

> All persons who were participants or beneficiaries of the Plan during the period from April 24, 2002 to June 15, 2004 ("the Class Period"). Excluded from the Class are defendants or any member of their immediate families and the legal representatives, heirs, successors, and assigns of any excluded person.[2]

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to

warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a), 23(b)(1) and 23(b)(2).

As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has

done in identifying and investigating potential claims in this Action; (ii) Class Counsel's

---

[2] The class definition in Plaintiff's Amended Class Action Complaint inadvertently excluded "the employees of aaiPharma or its subsidiaries or affiliates." Persons are not excluded from the Settlement Class merely because they were employees of aaiPharma.

experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action (breach of fiduciary duty claims that pertain to the Plan's investment in employer stock); and (iv) the resources Class Counsel has committed to representing the Settlement Class. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court finds that Class Counsel shall serve as class lead counsel with respect to the Settlement Class in this action.

As indicated above, the Court finds that Plaintiff is an adequate class representative of the Settlement Class and, therefore, hereby appoints Plaintiff as the representative of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a), 23(b)(1) and 23(b)(2), Settlement Class members shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

4.      **Preliminary Approval of Settlement.**  The Settlement documented in the Stipulation of Settlement is hereby preliminarily approved, as the Court preliminarily finds that (a) the proposed Settlement resulted from extensive arm's-length negotiations over numerous days; (b) the Stipulation of Settlement was executed only after Class Counsel had conducted discovery and researched and investigated multiple legal and factual issues pertaining to Plaintiff's claims; (c) there is a genuine controversy between the parties involving the Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the

Stipulation of Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

5.   **Fairness Hearing**.  A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED to be held before the Court on _____, 2006 at _____ __.m. in Courtroom ____ at the Terry Sanford Building and Courthouse, 310 New Bern Avenue, Raleigh, NC 27601, to determine finally, among other things:

> (a)   Whether the Settlement should be approved as fair, reasonable, and adequate;

> (b)   Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

> (c)   Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;

> (d)   Whether the Final Approval Order attached to the Stipulation of Settlement should be entered and whether the Released Parties should be released of and from the Settled Claims, as provided in the Stipulation of Settlement;

> (e)   Whether the notice, summary notice, and notice methodology implemented pursuant to the Stipulation of Settlement (i) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

> (f)   Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation of Settlement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

> (g)   Whether the proposed Plan of Allocation of the Settlement Fund, as set forth in the Stipulation of Settlement, is fair, reasonable and adequate and should be approved by the Court;

> (h)   Whether the Settlement has been negotiated at arm's-length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiff has acted independently, whether Plaintiff's interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and

consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b) and/or qualify for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;

(i) Whether the payment and distribution of the Settlement Amount, as allocated in the Plan of Allocation incorporated in the Stipulation of Settlement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45;

(j) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(k) Whether the application for compensation of Plaintiff, as class representative, should be approved; and

(l) Any other issues necessary for final approval of the Settlement.

6. **Class Notice**. The Parties have presented to the Court a proposed form of Class Notice, which is appended hereto as Exhibit A. The Court APPROVES such form of Class Notice, as the Court finds that such form fairly and adequately: (1) describes the terms and effect of the Stipulation of Settlement and of the Settlement, (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. The Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Class Counsel shall:

> (a) By no later than 60 days before the Fairness Hearing, cause the Class Notice, with such nonsubstantive modifications thereto as may be agreed upon by the Parties and presented to the Court, to be mailed, by first-class mail, postage prepaid, to the last known address of each person in the Settlement Class who can be identified by reasonable effort. aaiPharma shall use commercially reasonable efforts to provide Class Counsel with the names and last known addresses of the members of the Settlement Class within fifteen (15) days of the entry of this Order.

> (b) By no later than 45 days before the Fairness Hearing, cause the Class Notice to be published on each website identified in the Class Notice.

> (c) By no later than 45 days before the Fairness Hearing, cause a summary notice in the form attached hereto as Exhibit B, with such nonsubstantive

modifications thereto as may be agreed upon by the Parties and presented to the Court, to be published on at least one occasion in the Wall Street Journal (National Edition).

At or before the Fairness Hearing, Class Counsel or its agent shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

7. **Objections to Settlement**. "Objector" shall mean any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation contained within the Stipulation of Settlement, to any term of the Stipulation of Settlement, to the proposed award of Class Counsel's Fees and Expenses or to any request for compensation for Plaintiff. Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. The Objector must also mail the objection and all supporting law and/or evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

### THE COURT

Hon. Fred L. Borch, III
Clerk of Court
Terry Sanford Building and Courthouse
310 New Bern Avenue, Raleigh, NC 27601

### COUNSEL FOR PLAINTIFF

Emily C. Komlossy
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, NY 10017

### COUNSEL FOR INDIVIDUAL DEFENDANTS

Alan E. Toll
STEVENS, MCGHEE, MORGAN, LENNON & TOLL,
LLP
602 Market Street
Wilmington, NC 28402

H. Douglas Hinson
Leslie M. Bassett
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

**COUNSEL FOR AAIPHARMA INC.**

David C. Wright, III
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon Street
Suite 1900
Charlotte, NC 28246

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court by no later than 15 days before the date of the Fairness Hearing. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any response to objections timely served must be filed and served no later than three (3) days prior to the Fairness Hearing.

8. **Appearance at Fairness Hearing**. Any Objector who files and serves a timely, written objection in accordance with Paragraph [7] above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of

the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified in Paragraph [7] and file it with the Court by no later than 15 days before the date of the Fairness Hearing. Any Objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. aaiPharma's counsel, counsel for the Individual Defendants, and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

9. **Notice Expenses**. The expenses of locating Settlement Class members and printing and mailing all notices required hereby shall be reimbursed to Class Counsel from the Settlement Fund upon final approval of the Settlement and payment of the Settlement Amount by aaiPharma. In this connection, Class Counsel is authorized to retain a claims administrator to supervise and administer the notice procedure, with such expenses to be paid out of the Settlement Fund. In the event the Settlement is not approved and the Settlement Amount is not paid, Class Counsel and aaiPharma shall bear equally the cost of printing and mailing notice.

10. **Applications for Attorneys' Fees**. All motions, applications and briefs in support of the Settlement or with respect to Class Counsel's fees and expenses shall be filed with the Court and served on all counsel of record not less than twenty-one (21) days before the Fairness Hearing. Copies of such materials shall be available for inspection at the office of the Clerk.

11. **Injunction**. Pending final determination of whether the Settlement should be approved, all members of the Settlement Class and the Plan are each hereby barred and enjoined

from instituting or prosecuting any action that asserts any Settled Claim against any Released Person.

12.     **Termination of Settlement**.  If the Settlement is terminated in accordance with the Stipulation of Settlement or does not become Final under the terms of the Stipulation of Settlement for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

13.     **Use of Order**.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

14.     **Continuance of Hearing**.  The Court reserves the right to continue the Fairness Hearing without further written notice.

**SO ORDERED this _____ day of _____, 2006.**


_____

United States District Court Judge

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **IN RE AAIPHARMA INC. SECURITIES LITIGATION**<br><br>**This Document Relates To:**<br><br>**WILLIAM R. MARTIN, On behalf of Himself and All Others Similarly Situated,**<br><br>**v.**<br>**AAIPHARMA INC. et al.** | **MASTER FILE NO: 7:04-CV-27-D** |

## NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF ATTORNEYS' EXPENSES

TO THE FOLLOWING "SETTLEMENT CLASS":

ALL PERSONS WHO WERE PARTICIPANTS OR BENEFICIARIES IN THE AAIPHARMA INC. RETIREMENT AND SAVINGS PLAN ("THE PLAN") DURING THE PERIOD FROM APRIL 24, 2002 TO JUNE 15, 2004 (THE "CLASS PERIOD")

---

**PLEASE READ THIS NOTICE CAREFULLY.**
**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION.**

## Key Facts

- The Court has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit (the "Action") brought under the Employee Retirement Income Security Act ("ERISA"). The Settlement is with the defendant aaiPharma Inc. ("aaiPharma"), and the individual defendants in the Action ("Individual Defendants") and would release all defendants from any claims filed against them. This means the claims brought in the Action cannot be refiled.

- The Settlement will provide for aaiPharma, pursuant to certain indemnity authorizations with respect to its current employees, officers and directors, to make payments to the aaiPharma Inc. Retirement and Savings Plan (the "Plan") and for those payments to be allocated to the Plan accounts of members of the Settlement Class defined above. The Settlement is summarized below.

- The Court has scheduled a hearing concerning final approval of the Settlement, compensation to the Plaintiff in this Action, William R. Martin, and on Class Counsel's motion for fees and expenses. That hearing before the Honorable James C. Dever III has been scheduled for on _____, 2006 at _____ __.m. in Courtroom ____ at the Terry Sanford Building and Courthouse, 310 New Bern Avenue, Raleigh, NC 27601. You may appear at this hearing.

- Any objections to the Settlement, compensation to the Plaintiff or the motion for attorneys' fees and expenses must be served in writing on the Court, and the Parties' counsel. The procedure for objecting is described below.

- If approved, the Settlement would bind you as a member of the Settlement Class.

- This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Stipulation of Settlement (the "Stipulation of Settlement"). Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Stipulation of Settlement. The Stipulation of Settlement, and additional information with respect to the Action and the Settlement, are available at http://www.aaipharma.com/Martin, or from counsel listed on pages iii-iv below.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU NEED NOT APPEAR IN COURT, AND YOU NEED NOT HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

## Your Legal Rights and Options in this Settlement:

| | |
|---|---|
| **You Can Do Nothing.**<br><br>No Action is Necessary to Receive Payment. | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to do anything to receive a payment. The Settlement states a formula that calculates the portion, if any, of the Settlement you are entitled to receive.<br><br>If you are a current Plan participant and are authorized to receive a payment, aaiPharma will deposit the payment into your Plan account in the manner you designate for Plan contributions.<br><br>If you are a former participant in the Plan, your Settlement proceeds will be deposited into a Plan account pending instructions from you. If no instructions are received, the Plan documents will control your entitlement to receive a distribution. |
| **You Can Object (by _____, 2006).** | You can write to the Court and object to the Settlement or to the application for Class Counsel's Fees and Expenses. |
| **You can Attend the Settlement Fairness Hearing (on _____, 2006).** | You can appear in person to object to the Settlement or to the application for Class Counsel's Fees and Expenses. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeals.

- Further information regarding the litigation and this Notice may be obtained by contacting **Class Counsel**:

  LABATON SUCHAROW & RUDOFF LLP, c/o Emily C. Komlossy, 100 Park Avenue, New York, NY 10017, Telephone: 212/907-0700, Facsimile: 212/818-0477, *ekomlossy@labaton.com*.

  **or aaiPharma's counsel**:

  ROBINSON, BRADSHAW & HINSON, P.A., c/o David C. Wright, III, 101 N. Tryon Street, Suite 1900, Charlotte, NC 28246, Telephone: 704/377-8322, Facsimile: 704/373-3922, *dwright@rbh.com*

**or Individual Defendants' counsel:**

ALSTON & BIRD LLP, C/O, H. Douglas Hinson, One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309-3424, Telephone: 404/881-7000, Facsimile: 404/881-7777, *dhinson@alston.com*.

STEVENS, MCGHEE, MORGAN, LENNON & TOLL, LLP, c/o Alan E. Toll, 602 Market Street, Wilmington, NC 28402, Telephone: 910/763-3666, Facsimile: 910/251-9562, *aetollsmmlt@bellsouth.net*.

## WHAT THIS NOTICE CONTAINS

SUMMARY OF CASE ................................................................................................................... 2

SUMMARY OF SETTLEMENT ..................................................................................................... 2

STATEMENT OF POTENTIAL OUTCOME OF THE ACTION ............................................................. 2

STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION ....................... 3

WHAT WILL THE PLAINTIFF GET? ............................................................................................. 4

BASIC INFORMATION ............................................................................................................... 4

1.   Why did I get this Notice package? ............................................................................. 4
2.   What is the lawsuit about? .......................................................................................... 5
3.   Why is this case a class action? ................................................................................. 6
4.   Why is there a settlement? ......................................................................................... 6

WHO IS IN THE SETTLEMENT .................................................................................................. 6
5.   How do I know whether I am part of the Settlement? ................................................. 7
6.   Are there exceptions to being included? ..................................................................... 7

THE SETTLEMENT BENEFITS - WHAT YOU GET ........................................................................ 7
7.   What does the Settlement provide? ............................................................................ 7
8.   How much will my payment be? ................................................................................. 8
9.   How can I get a payment? ......................................................................................... 9
10.  When would I get my payment? ............................................................................... 10

EXCLUDING YOURSELF FROM THE SETTLEMENT ................................................................... 10
11.  Can I exclude myself from the Settlement? .............................................................. 10

THE LAWYERS REPRESENTING YOU ...................................................................................... 11
12.  Do I have a lawyer in the case? ............................................................................... 11
13.  How will the lawyers be paid? ................................................................................. 11

OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES ............................................... 12
14.  How do I tell the Court that I don't like the Settlement? ........................................... 12

THE COURT'S FAIRNESS HEARING ........................................................................................ 14
15.  When and where will the Court decide whether to approve the Settlement? .............. 14
16.  Do I have to come to the hearing? ........................................................................... 14
17.  May I speak at the hearing? .................................................................................... 15

IF YOU DO NOTHING .............................................................................................................. 15
18.  What happens if I do nothing at all? ......................................................................... 15

GETTING MORE INFORMATION .............................................................................................. 15
19.  Are there more details about the Settlement? .......................................................... 15
20.  How do I get more information? ............................................................................... 16

## SUMMARY OF CASE

As described in more detail below and in the Plaintiff's Amended Complaint, this Action concerns allegations that Defendants breached fiduciary duties they owed to participants in the Plan. The Defendants do not agree with these allegations in any way. Copies of Plaintiff's Amended Complaint and other documents filed in the Action are available at http://www.aaipharma.com/Martin.

## SUMMARY OF SETTLEMENT

- aaiPharma, pursuant to certain indemnification authorizations approved by the Bankruptcy Court in charge of aaiPharma's reorganization, will provide a Settlement Fund consisting of $1,050,000 in cash.

- The net amount in the Settlement Fund, after payment of approved attorneys' fees and settlement administration fees and expenses, will be paid to the Plan. After payment of Settlement implementation expenses, the remaining amount shall be allocated among Settlement Class members according to a Plan of Allocation to be approved by the Court. The Plan of Allocation is described in detail in the Stipulation of Settlement.

- The Settlement also requires certain changes regarding governance of the Plan. These changes include:

  - restrictions on contributions of employer securities to the Plan

  - requirements to provide certain information and enrollment materials to Plan participants

  - requirements to provide information to Plan fiduciaries

  - requirements to provide information concerning the Plan to aaiPharma's board of directors, and

  - requirements to establish and provide information concerning the role and responsibilities of Plan fiduciaries.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Class Counsel believes that the claims against Defendants are well-grounded in law and fact, and that breaches of fiduciary duty under ERISA occurred in this case. However, as with

C-960135v17 08259.01079

2

any litigated case, the Settlement Class would face an uncertain outcome if the Action were to continue against the Defendants. Continued litigation of the Action could result in a judgment or verdict greater or lesser than the recovery under the Stipulation of Settlement, or in no recovery at all. Class Counsel has also taken into account aaiPharma's bankruptcy, and the absence of available insurance. In evaluating the Settlement, Class Counsel considered the range of possible recoveries if the claims against the Defendants were adjudicated rather than settled. Class Counsel concluded that this settlement reflected a reasonable compromise in light of that range of possible outcomes, and in light of available resources from Defendants and anticipated defenses. Because the Settlement provides certainty to the Settlement Class with respect to the amount of recovery and should result in the recovery actually being realized substantially prior to the time it would be were the case successfully litigated to a conclusion, Class Counsel concluded, after conducting discovery, that the Settlement was preferable to continued litigation and was in the best interests of the Settlement Class.

Throughout this litigation, aaiPharma and the Individual Defendants have denied and continue to deny the claims and contentions alleged by Plaintiff. Defendants deny that they are liable at all to the Settlement Class and deny that the Settlement Class or the Plan have suffered any loss for which Defendants are legally responsible. Nevertheless, Defendants have concluded that it is desirable that the Action be fully and finally settled as to them and the other Released Persons on the terms and conditions set forth in the Stipulation of Settlement.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION

Class Counsel in the Action will submit a fee petition to the Court in which they will ask the Court to award them attorneys' fees not in excess of 30% of the amount recovered in the

Settlement, plus reimbursement of costs and expenses. The Court has the sole discretion to approve any fees and expenses sought by Class Counsel.

## PLAINTIFF INCENTIVE AWARD

The Plaintiff, William R. Martin, will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Settlement Class. In addition, the Plaintiff, as the class representative, may apply to the Court for compensation up to $5,000 for his efforts in pursuing this case. Any compensation awarded to Plaintiff by the Court will be payable from the proceeds of the Settlement. The Court has the sole discretion to approve any compensation sought by Plaintiff.

## BASIC INFORMATION

**Why did I get this Notice package?**

You or someone in your family are or may have been a participant or beneficiary of the Plan. The Court caused this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plan and then allocated among Settlement Class members according to a Court-approved Plan of Allocation. This Notice package describes the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Eastern District of North Carolina. The individual who sued is called a "Plaintiff," and the entity and the people he sued are called "Defendants." The legal action that is the subject of this Notice and the Settlement is known as *William R. Martin, on behalf of Himself and All Others Similarly*

*Situated v. aaiPharma Inc. et al.*, Case No. 7:04-CV-27-D. As noted above, we are referring to it as the "Action."

## 2. What is the lawsuit about?

The Action alleges that the Defendants were fiduciaries of the Plan and violated fiduciary duties under ERISA that they owed to the aaiPharma employees and retirees who were participants in the Plan. In Plaintiff's Amended Complaint, Plaintiff has asserted various causes of action for the monetary losses suffered by the Plan as the result of the alleged breaches of fiduciary duty by the Defendants.

Portions of the accounts of participants in the Plan were invested in aaiPharma stock, as the result of aaiPharma's decision to match Plan participants' contribution with employer securities. The Action alleges that aaiPharma and some of its individual directors, officers, and employees had an obligation to sell the Plan's holdings of aaiPharma stock. It also alleges that Defendants continued to make matching contributions in aaiPharma stock and failed to divest aaiPharma shares already held by the Plan when such investments and their continued holdings allegedly became imprudent. Plaintiff also alleges that Defendants did not comply with their alleged duties to review, evaluate and monitor the suitability of the Plan's investment in aaiPharma stock and failed to provide accurate material information to Plan participants. aaiPharma and the Individual Defendants vigorously deny each and every allegation of wrongdoing made in Plaintiff's Amended Complaint and contend that they have no liability in the Action.

Why is this case a class action?

In a class action, one or more plaintiffs, called "Class Representatives," sue on behalf of a large number of people who have similar claims. All of the individuals on whose behalf the Class Representatives are suing are "Class Members." Once a class action is started, the court resolves the issues for all Class Members.

The Class Representative in the Action is William R. Martin. He was an aaiPharma employee during the Class Period. In this notice, he is referred to as the "Plaintiff."

Why is there a settlement?

The Court has not reached any final decision in connection with Plaintiff's claims against Defendants. Instead, Plaintiff and Defendants have agreed to a settlement. In reaching the Settlement, the Parties have avoided the cost, risks, time and disruption of continued discovery and a trial.

Plaintiff and Class Counsel submit that the Settlement is in the best interests of the Settlement Class. The reasons they believe this to be so are described above in the section entitled "Statement of Potential Outcome of the Action." In its order setting the Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action.

## WHO IS IN THE SETTLEMENT

To see if any of the proceeds of this Settlement will be allocated to your Plan account, you first must determine whether you are a member of the Settlement Class.

5. How do I know whether I am part of the Settlement?

The Court has conditionally certified that this Settlement shall proceed on behalf of everyone who, subject to certain exceptions identified below, satisfies the following description:

> All persons who were participants or beneficiaries of the aaiPharma Inc. Retirement and Savings Plan ("the Plan") during the period from April 24, 2002 to June 15, 2004 (the "Class Period").

6. Are there exceptions to being included?

> All Plan participants described above are members of the Settlement Class ("Settlement Class members") with the exception of the Individual Defendants named in the Action, and their immediate families, legal representatives, heirs, successors and assigns.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

7. What does the Settlement provide?

A Settlement Fund consisting of $1,050,000.00 in cash will be established upon the Court's final approval of the Settlement. The net amount in the Settlement Fund, after payment of Court-approved attorneys' fees, any Court-approved compensation to the Plaintiff, Settlement administration fees and expenses and Settlement notice and implementation expenses (the "Net Settlement Fund"), will be allocated to the Plan accounts of members of the Settlement Class according to a Plan of Allocation to be approved by the Court.

The Settlement also requires certain changes regarding governance of the Plan. These changes include:

- restrictions on contributions of employer securities to the Plan
- requirements to provide certain information and enrollment materials to Plan participants
- requirements to provide information to Plan fiduciaries

- requirements to provide information concerning the Plan to aaiPharma's board of directors, and

- requirements to establish and provide information concerning the role and responsibilities of Plan fiduciaries.

### How much will my payment be?

Plaintiff and Defendants have submitted a proposed Plan of Allocation to the Court. If this Plan of Allocation is approved, your share of the Net Settlement Fund will depend on the investment in aaiPharma stock in your Plan account between April 24, 2002 and June 15, 2004 (the "Class Period"). Each Settlement Class member's share of the Net Settlement Fund will be based on that Settlement Class member's defined "Loss," determined according to the following formula:

(a) the dollar value of the aaiPharma stock in your Plan account on April 24, 2002 (the first day of the Class Period), plus

(b) the dollar value, as of the time of purchase, of all the purchases of aaiPharma stock for your Plan account during the Class Period, less

(c) the dollar value, as of the time of sale, of all sales of aaiPharma stock from your Plan account during the Class Period, and less

(d) the dollar value, if any, of aaiPharma stock in your Plan account on June 15, 2004 (the last day of the Class Period).

The Net Settlement Fund will be divided proportionally according to the size of the Loss this formula produces. Therefore, the larger your Loss, the larger your share of the Net Settlement Fund will be. The Loss of all Settlement Class members will be added together, and

each Settlement Class member will be assigned an amount which is the same percent of the Net Settlement Fund as his or her Loss bears to the Settlement Class members' total Losses. If an individual's total Settlement claim is less than $10.00, that amount will not be paid to the individual but will be redistributed to the other participants.

Your share of the Net Settlement Fund may be less than your actual losses, however. **You are not responsible for calculating the amount you may be entitled to receive under the Settlement.** This calculation will be done as part of the implementation of the Settlement. **Do not worry if you do not have records concerning your Plan account.** If you are entitled to a share of the Net Settlement Fund, you will receive a statement showing the amount of your share. If you have questions regarding the Settlement or the Plan of Allocation, please contact the counsel listed on pages iii-iv of this notice, above.

**How can I get a payment?**

You do not need to file a claim for recovery.

If you are a current Plan participant and are authorized to receive a payment, aaiPharma will deposit the payment into your Plan account in the manner you designate for Plan contributions.

If you are a Settlement Class member and a former participant in the Plan, your Settlement proceeds will be deposited into a money market fund pending instructions from you. If no instructions are received, the Plan documents will control the terms of the distribution to you.

Payment is conditioned on several matters, including the Court's approval of the Settlement and Plan of Allocation, and such approval becoming final and no longer subject to any appeals to any court. Upon satisfaction of the various conditions, the Net Settlement Fund will be paid to the Plan and allocated to the accounts of Settlement Class members pursuant to the Plan of Allocation (described in the Answer to Question No. [8], above), as soon as possible after final approval has been obtained for the Settlement (which includes exhaustion of any appeals). Any appeal of the final approval may take a year or more.

## There Will Be No Payments if the Settlement is Terminated

Defendants may withdraw from and terminate the Stipulation of Settlement on several grounds, including: (1) if the Court does not approve the Settlement by December 31, 2006 or materially modifies it before such date or (2) if the Court's order approving the Settlement is reversed or modified on appeal. The Stipulation of Settlement describes other conditions in which Defendants may withdraw from the Settlement. In the event any of these conditions occur, there will be no settlement payment made, and the litigation against Defendants will resume.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

In some class actions, class members have the opportunity to exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. **You do not have the right to exclude yourself from the Settlement in this case.** The case was

preliminarily certified under Federal Rule of Civil Procedure 23(b)(1) and 23(b)(2) as a "non-opt out" class action because of the way ERISA operates. Breach of fiduciary duty claims must be brought by participants on behalf of the Plan, and any judgment or resolution necessarily applies to all Plan participants and beneficiaries. As such, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the Settlement. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and, if the Settlement is approved, you will be deemed to have released the Defendants from any and all claims that were or could have been asserted in this case on your behalf of on behalf of the Plan or otherwise included in the release in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement.**

Although you may not opt-out of the Settlement, you may object to the Settlement and request that the Court not approve the Settlement. The procedure for objecting is discussed in the answer to question [14] on page 12.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

The Court has appointed Class Counsel, LABATON SUCHAROW & RUDOFF LLP, as lead counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How will the lawyers be paid?**

Class Counsel, who has pursued this action on a contingent basis, will file a motion for the award of attorneys' fees and expenses. This motion will be considered at the Fairness

Hearing. As previously discussed, Class Counsel will seek attorneys' fees not in excess of 30 % of the Settlement Fund, plus reimbursement of costs and expenses. Fees and expenses awarded by the Court will be deducted from the Settlement Amount.

### OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

You may advise the Court that you object to the Settlement or some part of it if you believe the terms are not fair, reasonable or adequate.

**14. How do I advise the Court that I want to object to the Settlement?**

If you are a Settlement Class member, you can object to the Settlement if you do not believe the terms are appropriate. You should provide specific reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter or other written filing saying that you object to the Settlement. Be sure to include your name, address, telephone number, signature, and the reasons you object to the Settlement. **Mail the objection to the five different places below postmarked no later than _____, 2006. You must mail your objection by this date. If you fail to do so, the Court will not consider your objections.** If you plan to appear at the Fairness Hearing, you must send a Notice of Intention to Appear along with your objection, as described in Question [17] below.

Case 7:04-cv-00078-D    Document 50    Filed 08/30/2006    Page 51 of 67

**THE COURT**

Hon. Fred L. Borch, III
Clerk of Court
Terry Sanford Building and Courthouse
310 New Bern Avenue, Raleigh, NC 27601

**COUNSEL FOR PLAINTIFF**

Emily C. Komlossy
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, NY 10017

**COUNSEL FOR INDIVIDUAL DEFENDANTS**

Alan E. Toll
STEVENS, MCGHEE, MORGAN, LENNON & TOLL, LLP
602 Market Street
Wilmington, NC 28402

H. Douglas Hinson
Leslie M. Bassett
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

**COUNSEL FOR AAIPHARMA INC.**

David C. Wright, III
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon Street
Suite 1900
Charlotte, NC 28246

<u>**All papers submitted must include the case number 7:04-CV-27-D on the front page.**</u>

## THE COURT'S FAIRNESS HEARING

The Court will hold a final hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary or required.

**15. When and where will the Court make a final decision about approving the Settlement?**

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court will hold the Fairness Hearing at _____ _____.m. on _____, 2006 at _____ ___.m. in Courtroom _____ at the Terry Sanford Building and Courthouse, 310 New Bern Avenue, Raleigh, NC 27601. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses.

**16. Do I have to attend the hearing?**

No, but you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

Case 7:04-cv-00078-D    Document 50    Filed 08/30/2006    Page 53 of 67

**17. May I speak at the hearing?**

If you are a Settlement Class member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Martin vs. aaiPharma Inc. et al.,* Case No. 7:04-CV-27-D." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2006 and be sent to the Clerk of the Court, Class Counsel, the Individual Defendants' counsel, and aaiPharma's counsel at the four addresses listed under Question No. [14] above.

## IF YOU DO NOTHING

**18. What happens if I do nothing at all?**

If you do nothing and you are a Settlement Class member, you will participate in the settlement of the Action as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

**19. Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. The complete settlement is set forth in the Stipulation of Settlement. You may obtain a copy of the Stipulation of Settlement by making a written request to the counsel listed on pages iii-iv, above. Copies may also be obtained at http://www.aaipharma.com/Martin.

**20. How do I get more information?**

You can contact Class Counsel (see counsel listed on pages iii-iv), or visit the website at http://www.aaipharma.com/Martin for more information regarding the Settlement.

Exhibit 2 to the Stipulation of Settlement and Exhibit B to the Preliminary Approval

Order: Publication Class Notice

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **IN RE AAIPHARMA INC. SECURITIES LITIGATION** <br><br> **This Document Relates To:** <br><br> **WILLIAM R. MARTIN, On behalf of Himself and All Others Similarly Situated,** <br><br> **vs.** <br><br> **AAIPHARMA INC. et al.** | **MASTER FILE NO: 7:04-CV-27-D** |

### COURT-ORDERED LEGAL NOTICE

IF YOU WERE A PARTICIPANT OR BENEFICIARY OF THE AAIPHARMA INC. RETIREMENT AND SAVINGS PLAN DURING THE PERIOD FROM APRIL 24, 2002 TO JUNE 15, 2004, OR A BENEFICIARY, ALTERNATE PAYEE, REPRESENTATIVE, OR SUCCESSOR-IN-INTEREST OF ANY SUCH PERSON, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT AS A RESULT OF A CLASS ACTION SETTLEMENT.

A settlement has been preliminarily approved by the federal court in a class action lawsuit alleging breaches of fiduciary duties under the Employee Retirement Income Security Act ("ERISA") in connection with the aaiPharma Inc. Retirement And Savings Plan (the "Plan"). This Settlement requires significant Plan governance changes and, in addition, will provide for a payment of $1,050,000.00 to the Plan (minus Court-approved fees and expenses), which will then be allocated to the Plan accounts of Settlement Class members. If you qualify, you will receive such an allocation. **You do not need to send in a claim or take any other action**

**unless you object to the Settlement.** The United States District Court for the Eastern District of North Carolina has authorized this Notice.

THE COURT WILL HOLD A FAIRNESS HEARING ON _____, 2006, TO DECIDE WHETHER TO ISSUE FINAL APPROVAL OF THE SETTLEMENT.

### Who is Included in the Settlement?

If you were a participant or beneficiary of the Plan at any time during the period from April 24, 2002 to June 15, 2004, and you are not a specifically excluded defendant in this action, you are a member of the Settlement Class (a "Settlement Class member").

### What is This Case About?

The Action alleges that the Defendants were fiduciaries of the Plan and violated various fiduciary duties under ERISA that they owed to the aaiPharma employees and retirees who were participants in the Plan.

### How Will the Settlement Money Be Allocated?

The net amount in the Settlement Fund, after payment of Court-approved attorneys' fees, any Court-approved compensation to be paid to the Plaintiff, settlement administration fees and expenses and Settlement notice and implementation expenses (the "Net Settlement Fund"), will be allocated to the Plan accounts of members of the Settlement Class according to a Plan of Allocation to be approved by the Court. If the Court approves the proposed Plan of Allocation submitted by Plaintiff and Defendants, each Settlement Class member's share of the Net Settlement Fund will depend on (a) the dollar value of the aaiPharma stock in his or her Plan account on April 24, 2002, plus (b) the dollar value, as of the time of purchase, of all the purchases of aaiPharma stock for his or her Plan account between April 24, 2002 and June 15,

2004, less (c) the dollar value, as of the time of sale, of all sales of aaiPharma stock from his Plan account between April 24, 2002 and June 15, 2004, and less (d) the dollar value, if any, of aaiPharma stock in his or her Plan account on June 15, 2004. The Net Settlement Fund will be divided proportionally according to the size of the numbers this formula produces for each Settlement Class member

### What Fees and Expenses are Being Sought by the Attorneys?

Class Counsel will seek attorneys' fees not in excess of thirty (30) percent of the Settlement Fund, plus reimbursement of costs and expenses. The Court must approve any fees and expenses to the attorneys.

### Are There More Details to the Settlement?

The Settlement includes a number of other important details. These include, but are not limited to, provisions releasing Settlement Class members' claims against aaiPharma, the Individual Defendants, aaiPharma's affiliated companies and any person who is or was an agent, officer, manager, employee or director of aaiPharma or its affiliates. This Settlement does not release any claims pending in a related securities case against aaiPharma, now pending in this Court.

### How Do I Get More Information?

If you have received in the mail a Notice of Class Action Settlement regarding this case, you should read that document for more information. It is more detailed than this newspaper notice. If you did not receive a Notice of Proposed Settlement in the mail, you may request one by contacting Class Counsel: Emily C. Komlossy, LABATON SUCHAROW & RUDOFF LLP, 100 Park Avenue, New York, NY 10017. In addition, copies of the Stipulation of Settlement and

additional    information    regarding    the    Settlement    are    available    at
http://www.aaipharma.com/Martin.

**What Are My Options?**

You cannot "opt out" or exclude yourself from the Settlement, but you may object to any part of it. If you object to the Settlement, you may file an objection with the Court by _____, 2006, with service on counsel, as described in the Notice of Proposed Settlement. If you do not want to object to the Settlement, you do not have to do anything. If the Court approves the Settlement and you are a member of the Settlement Class, you will be entitled to have a share of the Settlement money paid into your Plan account.

**What Happens Next?**

The Court will hold a Fairness Hearing on at __:00 __.m. on _____, 2006, in Courtroom _____ of the Terry Sanford Building and Courthouse, 310 New Bern Avenue, Raleigh, NC 27601. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After or at the Fairness Hearing, the Court will decide whether to approve the Settlement.

| | |
|---|---|
| **IN RE AAIPHARMA INC. SECURITIES LITIGATION** | |
| **WILLIAM R. MARTIN, On behalf Of Himself and All Others Similarly Situated,** | |
| **Plaintiff,** | |
| **vs.** | |
| **AAIPHARMA INC., JOHN M. RYAN, JOSEPH H. GLEBERMAN, RICHARD G. MORRISON, JAMES L. WATERS, JAMES G. MARTIN, KURT M. LANDGRAF, JOHN E. AVERY, FREDERICK D. SANCILIO, WILLIAM H. UNDERWOOD, PHILIP S. TABBINER, ROSE-MARIE NELSON, SUSAN TAYLOR, WILLIAM GINNA, BOWIN LINDGRIN, ALBERT CAVAGNARO, SARAH PRITCHARD and GREG BENTLEY,** | **ORDER AND FINAL JUDGMENT** |
| **Defendants.** | |

This action came on for a final hearing on _____, on a proposed settlement (the

"Settlement") embodied in a Stipulation of Settlement dated March 23, 2006 (the "Stipulation")

of this class action (the "Action") preliminarily certified for settlement purposes, and the issues

having been duly heard and a decision having been duly rendered,

  **IT IS HEREBY ORDERED AND ADJUDGED:**

#3

1.  To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement dated March 23, 2006 (the "Agreement").

2.  The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

3.  The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Agreement as its judgment, and orders that the Agreement shall be herewith effective, binding, and enforced according to its terms and conditions.

4.  The Court determines that Plaintiff is asserting, among others, claims on behalf of the Plan to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). Because the Plan cannot assert such claims in its own right, Plaintiff is the holder of the Plan's claims against the Defendants under ERISA § 502(a)(2). *See Mass Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

5.  The Court finds that the Settlement, which includes the payment of $1,050,000 by Defendant aaiPharma Inc. ("aaiPharma") pursuant to certain indemnification authorizations approved by the Bankruptcy Court, as well as significant Plan governance changes, has been negotiated vigorously and at arm's length by Plaintiff and Class Counsel, and further finds that, at all times, Plaintiff has acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

6.  The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiff and the Settlement Class and that the Plan does not have any additional

claims above and beyond those asserted by Plaintiff that are released as a result of the Settlement in this Action.

7. The Court determines that the Settlement is not part of an agreement, arrangement or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan and its participants.

8. Accordingly, the Court finds that the negotiation and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

9. The Court determines that the notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as follows:

> All persons who were participants or beneficiaries of the Savings Plan during the period from April 24, 2002 to June 15, 2004 (the

Case 7:04-cv-00078-D    Document 50    Filed 08/30/2006    Page 62 of 67

"Class Period"). Excluded from the Class are defendants or any
member of their immediate families and the legal representatives,
heirs, successors, and assigns of any excluded person.

Such a class meets the applicable requirements for a settlement class imposed by Federal Rule of
Civil Procedure 23.

11.    The Court hereby dismisses Plaintiff's Amended Complaint and the Action
against all Defendants with prejudice on the merits.

12.    As of the date of Complete Settlement Approval and payment of the Settlement
Amount (as defined in the Agreement), the Plaintiff, the Plan, and each member of the Class on
their own behalf and on behalf of their present or former directors, officers, agents, employees,
attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, affiliates,
subsidiaries, stockholders, heirs, estates, executors, administrators, successors and assigns, shall
be deemed to have released each and all of the Released Persons from the Settled Claims.

13.    All members of the Settlement Class and the Plan (through any party authorized
to sue under 29 U.S.C. § 1132(a)(2)) are hereby barred and enjoined from the institution and
prosecution, either directly or indirectly, of any other actions in any court asserting any and all
Settled Claims against any and all Released Persons. Provided, however, that nothing herein
shall waive or release the rights, if any, of the Department of Labor with respect to the subject
matter hereof.

14.    The litigation and notice expenses incurred by Class Counsel in the course of
prosecuting this action are reasonable. Accordingly, Class Counsel is awarded expenses in the
amount of $_____, to be paid from the Settlement Fund.

15.    The attorneys' fees sought by Class Counsel are reasonable in light of the
successful results achieved by Class Counsel, the substantial monetary and non-monetary
benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's

skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the amount of _____, representing percent (_____%) of the common fund established in this Action net of the expenses awarded in Section [14] herein.

16. The Court further finds that the allocation of the Net Settlement Amount as set forth in the Settlement Agreement is fair and reasonable. The Court observes that aaiPharma has submitted a schedule to the Court that calculates, based upon such plan of allocation, the Settlement Claim for each Authorized Claimant, and the Court hereby approves the same.

17. Further, in order to compensate Plaintiff for his time and efforts with respect to this Action, Plaintiff hereby is awarded Case Contribution Compensation in the amount of $_____, to be paid from the Settlement Fund.

18. Pursuant to Sections [9 and 18] of the Agreement, the Class Counsel's Fees and Expenses, and Plaintiff's Case Contribution Compensation amounts shall be paid to Class Counsel within ten (10) days of payment of the Settlement Amount, which shall be paid within ten (10) business days of Complete Settlement Approval.

19. The Plan of Allocation for the Settlement Fund established at Sections [19 to 29A] of the Agreement is approved, and aaiPharma shall make the governance changes to the Plan set forth in Exhibit 4 to the Agreement.

20. The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

21. Without affecting the finality of this Order and Final Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter

Case 7:04-cv-00078-D   Document 50   Filed 08/30/2006   Page 64 of 67

additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder, including without limitation any disputes as to the calculation of the Settlement Amount for any Authorized Claimant.

      **SO ORDERED** this _____ day of _____, 2006.

                                                          _____
                                                 United States District Court Judge

Submitted _____, 2006 by:

## Plan Governance Changes

"The Company" shall mean aaiPharma Inc.

"The Plan" shall mean the aaiPharma Inc. Retirement and Savings Plan.

"The Action" shall mean *Martin v. aaiPharma Inc. et al.*, No. 7:04-CV-27.

1.      The Company will confirm that, effective for the payroll period beginning February 14, 2005, it no longer purchased employer securities for the Plan or made employer securities available as an investment under the Plan, and that, as of March 7, 2005, it permitted all participants to divest themselves of employer securities then held in their accounts, unless otherwise prohibited by the Company's polices regarding insider trading.

2.      The Company will commit, for a period of at least three (3) years, not to contribute employer securities to the Plan, not to permit the Plan to purchase employer securities, and not to permit employees to direct the purchase of employer securities for their accounts. There will be an exception for any such securities held in a commingled investment fund managed by an independent fiduciary or in a mutual fund.

3.      If the Company decides, after the expiration of the three-year period set forth above, to contribute employer securities to the Plan or to purchase or permit the purchase of employer securities by employees, it will provide participants on at least an annual basis with information describing the risks of investing in a single stock or other undiversified securities.

4.      The Company will provide enrollment materials that discuss such matters as diversification and asset allocation.

5.      The Company will provide to Company employees who are Plan fiduciaries information that discusses their obligations and responsibilities as fiduciaries, updated periodically to reflect material changes in ERISA laws that impact upon the obligations and responsibilities of fiduciaries.

6.      The Company's board of directors will be provided annual reports:

        a.      concerning the status of Plan administration; and

        b.      confirming that there are effective procedures in place to monitor Plan fiduciaries, including outside consultants, and to report the results of such monitoring during the year.

7.      The Company will develop appropriate documentation describing the roles and responsibilities of persons discharging fiduciary functions with respect to the Plan.

8.      Except as specified in section 2 above, the obligations set forth herein will end no later than five (5) years from the date of the final approval of the settlement of the Action.

C-960135v17 08259.01079

2