UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:04-CV-78-D(3)
MASTER DOCKET: 7:04-CV-27-D(1)



WILLIAM R. MARTIN, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

AAIPHARMA INC., JOHN M. RYAN,
JOSEPH H. GLEBERMAN, RICHARD G.
MORRISON, JAMES L. WATERS,
JAMES G. MARTIN, KURT M.
LANDGRAF, JOHN E. AVERY,
FREDERICK D. SANCILIO, WILLIAM
H. UNDERWOOD, PHILLIP S.
TABBINER, ROSE-MARIE NELSON,
SUSAN TAYLOR, WILLIAM GINNA,
BOWIN LINDGRIN, ALBERT
CAVAGNARO, SARA PRITCHARD
and GREG BENTLEY,

    Defendants.

**ORDER AND FINAL JUDGMENT**

This action came on for a final hearing on August 30, 2006 on a proposed settlement (the "Settlement") embodied in a Stipulation of Settlement dated March 23, 2006 (the "Stipulation"), as amended, of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement dated March 23, 2006 (the "Agreement").

2. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

3. The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Agreement as its judgment, and orders that the Agreement shall be herewith effective, binding, and enforced according to its terms and conditions.

4. The Court determines that Plaintiff is asserting, among others, claims on behalf of the Plan to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). Because the Plan cannot assert such claims in its own right, Plaintiff is the holder of the Plan's claims against the Defendants under ERISA § 502(a)(2). *See Mass Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

5. The Court finds that the Settlement, which includes the payment of $1,050,000 by Defendant aaiPharma Inc. ("aaiPharma") pursuant to certain indemnification authorizations approved by the Bankruptcy Court, as well as significant Plan governance changes, has been negotiated vigorously and at arm's length by Plaintiff and Class Counsel, and further finds that, at all times, Plaintiff has acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

6. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than those of Plaintiff and the Settlement Class and that the Plan does not have any additional claims above and beyond those asserted by Plaintiff that are released as a result of the Settlement in this Action.

7. The Court determines that the Settlement is not part of an agreement, arrangement or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan and its participants.

8. Accordingly, the Court finds that the negotiation and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

9. The Court determines that the notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as follows:

> All persons who were participants or beneficiaries of the Savings Plan during the period from April 24, 2002 to June 15, 2004 (the "Class Period"). Excluded from the Class are defendants or any member of their immediate families and the legal representatives, heirs, successors, and assigns of any excluded person.

Such a class meets the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23.

11. The Court hereby dismisses Plaintiff's Amended Complaint and the Action against all Defendants with prejudice on the merits.

12. As of the date of Complete Settlement Approval and payment of the Settlement Amount (as defined in the Agreement), the Plaintiff, the Plan, and each member of the Class on their own behalf and on behalf of their present or former directors, officers, agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, affiliates, subsidiaries, stockholders, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released each and all of the Released Persons from the Settled Claims, as set forth in the Stipulation and Amendment to the Stipulation.

13. All members of the Settlement Class and the Plan (through any party authorized to sue under 29 U.S.C. § 1132(a)(2)) are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Settled Claims against any and all Released Persons. Provided, however, that nothing herein shall waive or release the rights, if any, of the Department of Labor with respect to the subject matter hereof or the claims asserted in *In re aaiPharma Sec. Litig.*, No. 04-CV-27 (E.D. N.C.).

14. The litigation and notice expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel is awarded expenses in the amount of $43,929.08, to be paid from the Settlement Fund.

15. The attorneys' fees sought by Class Counsel are reasonable in light of the successful results achieved by Class Counsel, the substantial monetary and non-monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the amount of $315,000.00, representing percent (30%) of the common fund established in this Action net of the expenses awarded in Section [14] herein.

16. The Court further finds that the allocation of the Net Settlement Amount as set forth in the Settlement Agreement is fair and reasonable. The Court observes that aaiPharma will

4

submit a schedule to the Court that calculates, based upon such plan of allocation, the Settlement Claim for each Authorized Claimant for Court review and approval.

17. Further, in order to compensate Plaintiff for his time and efforts with respect to this Action, Plaintiff hereby is awarded Case Contribution Compensation in the amount of $5,000.00, to be paid from the Settlement Fund.

18. Pursuant to Sections [9 and 18] of the Agreement, the Class Counsel's Fees and Expenses, and Plaintiff's Case Contribution Compensation amounts shall be paid to Class Counsel within ten (10) days of payment of the Settlement Amount, which shall be paid within ten (10) business days of Complete Settlement Approval.

19. The Plan of Allocation for the Settlement Fund established at Sections [19 to 29A] of the Agreement is approved, and aaiPharma shall make the governance changes to the Plan set forth in Exhibit 4 to the Agreement.

20. The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

21. Without affecting the finality of this Order and Final Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder, including without limitation any disputes as to the calculation of the Settlement Amount for any Authorized Claimant.

SO ORDERED this __30__ day of __August__, 2006.

_____
JAMES C. DEVER III
United States District Court Judge